# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00618-CR

**John Anders, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
NO. A-99-0301-S, THE HONORABLE MARTIN (BROCK) JONES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant John Anders was placed on deferred adjudication community supervision for a period of eight years after pleading guilty to aggravated sexual assault pursuant to a plea bargain. *See* Tex. Penal Code § 21.021; Tex. Code Crim. Proc. art. 42.12, § 5(a). Six years later, in response to the State's motion to adjudicate, the conditions of supervision were amended in lieu of adjudication and revocation. *See* Tex. Code Crim. Proc. art. 42.12, § 22. Three years later, in response to another motion to adjudicate, the conditions of appellant's community supervision were again amended in lieu of adjudication and revocation, and appellant's period of supervision was extended for an additional nine years. *See id.* art. 42.12, § 22A. Five years later, the trial court granted the State's motion to adjudicate after finding that appellant had violated the conditions of

supervision.[1]  The court adjudicated appellant guilty of aggravated sexual assault, revoked his community supervision, and assessed his punishment at ten years' confinement in the Texas Department of Criminal Justice.  *See id.* art. 42.12, § 5(b); Tex. Penal Code § 12.32.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit.  The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record.  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744.  To date, appellant has not filed a pro se response or requested an extension of time to file a response.

---

[1]  The State's fourth amended motion to adjudicate contained 27 paragraphs alleging that appellant had violated the conditions of supervision in various ways, including the failure to pay certain fees associated with supervision (or submit forms indicating an inability to pay when he was financially unable to make such payments), the failure to avoid injurious or vicious habits—namely the repeated use of methamphetamine and alcohol, the failure to pay for urinalysis testing, the failure to submit to urinalysis testing, the failure to report to his community supervision officer, the failure to abide by the rules of sex offender counseling in that he was unsuccessfully discharged from such counseling, and the failure to abide by the rules of a drug treatment program in that he was unsuccessfully discharged from the program due to drug use.  After hearing testimony at the adjudication hearing, the trial court found 21 of the 27 alleged violations to be true.

We have conducted an independent review of the record—including the record of the adjudication proceeding and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted. The trial court's nunc pro tunc judgment adjudicating guilt is affirmed.[2]

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   July 21, 2015

Do Not Publish

---

[2] The original judgment contained a clerical error—reflecting that appellant's plea to the motion to adjudicate was "True"—which was remedied by the trial court's entry of a nunc pro tunc judgment correctly reflecting that appellant's plea to the motion to adjudicate was "Not True."

3